IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ROSSCO HOLDINGS, INC. | § | CASE NO. 10-60953-rbk |
| | § | |
| Debtor. | § | Chapter 11 |

**ROSSCO HOLDINGS, INC.'S MOTION FOR ORDER APPROVING AND AUTHORIZING: (A) THE CLOSING OF THE SALE OF ASSETS TO PMH ACQUISITION, LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) BIDDING PROCEDURES FOR THE SALE OF THE ASSETS IF THE DEBTOR RECEIVES HIGHER AND BETTER OFFER PRIOR TO APPROVAL OF THE SALE; AND (C) A BREAKUP FEE**

> **THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**
>
> **ROSSCO HOLDINGS, INC. IS SEEKING EXPEDITED CONSIDERATION IN CONNECTION WITH THIS MOTION. IF THE COURT PERMITS A HEARING TO BE HELD ON THE MOTION ON AN EXPEDITED BASIS YOU MUST FILED A RESPONSE AT LEAST TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING ON THE MOTION. IF NO TIMELY RESPONSE IS FILED BY THAT DATE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**
>
> **IF THE COURT DOES NOT PERMIT A HEARING TO BE HELD ON AN EXPEDITED BASIS YOU MUST FILE A RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE OR THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD. IF A RESPONSE IS TIMELY FILED AND EXPEDITED CONSIDERATION IS NOT GRANTED A HEARING WILL BE HELD ON OCTOBER 29, 2010.**

Rossco Holdings, Inc. ("Rossco Holdings" or, the "Debtor") files its Motion for Order Approving and Authorizing: (A) the Closing of the Sale of Assets to PMH Acquisition, LLC

Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Bidding Procedures for the Sale of the Assets if the Debtor Receives Higher and Better Offer Prior to Approval of the Sale; and (C) a Breakup Fee (the "Sale Motion"). In support of the Sale Motion, Rossco Holdings would show the Court as follows:

## I. JURISDICTION

1. This Court has jurisdiction to consider the Sale Motion under 28 U.S.C. §§ 157 and 1334. This matter involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in the Sale Motion is authorized under §§ 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 6004 (the "Bankruptcy Rules").

## II. BACKGROUND

### A. PROCEDURAL HISTORY

2. Rossco Holdings is a corporation engaged in the businesses of real property leasing, operating, management, development and sales. It owns portions of and furnishes, either itself or through affiliates, general management, development and/or marketing of the real property businesses for, among others, WM Properties, Ltd., LJR Properties, Ltd., Monte Nido Estates, LLC, Colony Lodging, Inc. and Rossco Plaza, Inc., each of which have filed for bankruptcy relief in this Court.

3. On August 2, 2010 (the "Petition Date"), Rossco Holdings filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, Rossco Holdings continues to operate its business and manage its properties, affairs and assets as debtor-in-possession.

### B. ASSETS BEING SOLD AND TERMS OF SALE

4.   Prior to, and since the Petition Date, Rossco Holdings and two non-debtor entities also owned by Leonard Ross, Lodgeco Properties, Ltd. ("Lodgeco") and CHSC, Ltd. ("CHSC"), have been negotiating with PMH Acquisition, LLC[1] ("PMH" or the "Purchaser") to sell approximately 7.7 acres of land located in College Station, Texas. Of the 7.7 acres, Rossco Holdings has been negotiating the sale of: i) the 125 Meadowland lot; ii) the 127 Meadowland lot; iii) Lot 19, Meadowland Addition; iv) N 1/2 of Lots 4 and 5, Block 1, Addition; and v) 12 of 15 fourplex buildings (collectively, the "Assets").

5.   As a result of these negotiations, Rossco, Lodgeco and CHSC have agreed to sell the Assets to PMH for $9.75 million (the "Purchase Price"), pursuant to a Purchase and Sale Agreement.[2] A copy of the Purchase and Sale Agreement is attached to the Sale Motion as **Exhibit A**. The purchase price allocation for the property being sold by Rossco Holdings, Lodgeco and CHSC is as follows:

   a.   Rossco Holdings - $4.5 million;

   b.   Lodgeco - $5 million; and

   c.   CHSC - $250,000.[3]

6.   The closing of the sale of the Assets shall occur after bankruptcy court approval is obtained and certain other conditions are met, including: i) the expiration of a 90-day period to inspect the Assets; and ii) PMH obtaining approval to develop and construct apartment style

---

[1]   PMH's address is 3445 Peachtree Road NE, Suite 1400, Atlanta, Georgia 30326.

[2]   The purchase price is based upon PMH being able to secure a building permit to construct apartment style housing which has an aggregate bed count of 600 beds. The purchase price may be adjusted upward or downward by $17,045 per bed if PMH receives a building permit for more or less beds. Rossco Holdings has the right to terminate the Purchase and Sale Agreement in the event PMH fails to obtain permitting for a bed count of 500 or fewer.

[3]   CHSC owns one-half of a right-of-way, comprising a very small portion of the property to be sold pursuant to the Purchase and Sale Agreement and would be impacted by a right of way agreement.

housing of not less than 370 dwelling units and 600 bedrooms within 180 days of the date the Purchase and Sale Agreement was signed.

C. **DESCRIPTION OF NET CONSIDERATION TO THE BANKRUPTCY ESTATE**

7. The Assets are subject to certain liens in favor of Prosperity Bank and OneWest Bank, FSB ("OneWest Bank"). Specifically, the fourplex buildings are subject to a lien in favor of Prosperity Bank in the amount of $848,826. The remaining Assets are subject to a lien in favor of OneWest Bank in the amount of $2,814,000.00. Lodgeco is a co-obligor on the OneWest Bank Note. At closing, the Prosperity Bank and OneWest Bank liens will be satisfied in full, with Rossco paying the Prosperity Bank Note and $510,000 of the OneWest Bank Note and Lodgeco paying $2,304,000 of the OneWest Bank Note.

8. Pursuant to the Purchase and Sale Agreement, Rossco Holdings, Lodgeco and CHSC are also obligated to pay certain closing costs, which Rossco Holdings' estimated portion is $24,358.

9. In addition, under the Purchase and Sale Agreement, Rossco Holdings shall be responsible for paying ad valorem taxes up to the time the sale closes. These costs will be paid from estate funds or sales proceeds. Given the contingencies involved, Rossco Holdings is unable to estimate this amount with any certainty. Moreover, Rossco Holdings' basis in the Assets is approximately $2 million and the allocated value of the Assets is $4.5 million. Therefore, it appears facially that Rossco Holdings will have to pay capital gains on approximately $2.5 million. However, at this point, the Debtor has not undertaken an analysis of any carry forward losses that may be available to it or current year capital gain losses which may impacts its tax liability. As a result, it is not able to determine the federal tax consequences of the sale at this time.

MOTION FOR ORDER APPROVING AND AUTHORIZING: (A) THE CLOSING OF THE SALE OF
ASSETS TO PMH ACQUISITION, LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES
AND INTERESTS; (B) BIDDING PROCEDURES FOR THE SALE OF THE ASSETS IF THE DEBTOR RECEIVES
HIGHER AND BETTER OFFER PRIOR TO APPROVAL OF THE SALE; AND (C) A BREAKUP FEE      PAGE 4 OF 10

10. Thus, after satisfying liens on the Assets and paying its portion of closing costs, Rossco Holdings estimates that the net consideration to the estate would be $3,116,816, less tax liability, if any.

**D. BID PROCEDURES**

11. PMH also understands that the Debtor is in bankruptcy and, as a result has a fiduciary duty to its creditors in order to obtain the highest and best offer for the Assets. Thus, PMH has agreed that the Debtor may request that the Court implement the following bid procedures:

    a. a sale hearing shall be held 60 days after the date the Court approves the bid procedures;

    b. within 45 days prior to that date, the Debtor may solicit and receive bids to purchase the property (the "Bid Deadline");

    c. PMH shall be paid a break up fee of $292,500 (the "Breakup Fee") in the event that the Debtor closes a sale with a purchaser other than PMH;

    d. in order for a bid to be considered, it must exceed the Purchase Price by the amount of the Breakup Fee plus $50,000. In addition, such bid shall:

- be in writing;

- not contain any financing or due diligence contingencies beyond those contained in the Purchase and Sale Agreement,

- be accompanied by a marked copy of the Purchase and Sale Agreement, which shall be the agreement pursuant to which such prospective purchaser proposes to acquire the assets sought to be acquired (proposals may not be for less than substantially all assets);

- be accompanied by evidence of committed financing or other ability to perform;

- be accompanied by a good-faith deposit of $50,000, payable to the Seller;

- be accompanied by a letter stating that the bidder's offer is

irrevocable until the earlier of: (i) two business days after the closing date of an alternative sale or sales approved by the Bankruptcy Court; and (ii) forty-five days after the conclusion of the Sale Hearing.

A bid which satisfies these requirements shall be a "Qualifying Bid"[4];

e. if a Qualifying Bid is received prior to the Bid Deadline, an auction (the "Auction") will be held three days thereafter;

f. at the Auction, the initial bid shall be the highest Qualifying Bid received prior to the Bid Deadline (the "Initial Bid"). All subsequent bids, shall exceed the Initial Bid by at least $100,000 and parties shall be given a reasonable, but not excessive, amount of time to submit its overbids;

g. at the conclusion of the Auction, the Debtor will select the highest and best offer which it will designate the successful bidder and will designate the second highest and best offer as the backup bidder. The Debtor will continue to designate backup bidders until PMH is the last backup bidder (unless PMH is the successful bidder). The Debtor shall file its designation of the successful bidder and designated backup bidders within two business days of the conclusion of the Auction;

h. any party-in-interest shall have three business days to object to the Designation and request an emergency hearing on the matter or the Designation shall be deemed conclusive and final;

i. if the Debtor closes a sale with a higher bidder, then the Debtor shall pay PMH the Breakup Fee within two days after the sale closes;

j. in the event the closing with the successful bidder does not occur, the Debtor may proceed to close with the backup bidder and any subsequent backup bidder thereafter;

12. The procedures referred to in paragraph 11 shall be referred to as the Bid Procedures.

### IV. **RELIEF REQUESTED**

13. By this Motion, Rossco Holdings seeks approval of the following relief in accordance with §§ 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 6004:

---

[4] For the avoidance of doubt, PMH's bid is a Qualifying Bid.

(a) Approval of the proposed Purchase and Sale Agreement, subject to higher and better offers;

(b) Interim approval of the Bid Procedures by separate order of the Court on an expedited basis;

(c) Approval of, and authority to pay, the Breakup Fee in the event the Assets are sold to a bidder other than PMH;

(d) In the absence of qualifying bids under the Bid Procedures, approval of the sale to PMH;

(e) In the event of Qualify Bids, approval of the sale to the successful bidder or designated backup bidders; and

(f) Waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

14. Rossco Holdings submits that the offer received by PMH represents fair value for the Assets. In this regard, Rossco Holdings submits that the relief sought in the Sale Motion is in the best interests of the Debtor's estate and believes that same will maximize the value of the Assets for the benefit of the estate and its creditors.

## V. BASIS FOR RELIEF

15. In order to achieve the highest and best price for the Assets, the proposed sale should be approved as soon as possible. Ample authority exists for approval of the proposed sale. Pursuant to § 363 of the Bankruptcy Code, "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). When a valid business justification exists, the law vests Rossco Holdings' decision to use or sell property outside the ordinary course of business with a strong presumption that in making a business decision it acts on an informed basis, in good faith and in the honest

belief that the action taken is in the best interests of the company. *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (*quoting Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)). Moreover, Bankruptcy Rule 6004(f)(1) provides that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."

16. Rossco Holdings' decision to sell the Assets is based upon its sound business judgment. In this particular case, the best way to maximize recovery for the Debtor's creditors is by selling the Assets. In Rossco Holdings' business judgment, this can best be accomplished through this sale. Furthermore, selling the Assets in an expeditious manner is necessary since any delay could adversely impact the price received for the Assets.

17. Rossco Holdings may not only sell the Assets under § 363(b), it may sell them free and clear of interests because at least one standard set forth in § 363(f)(1)-(5) has been met. In this particular case, OneWest Bank and Prosperity Bank allegedly hold such interests. Section 363(f)(3) provides that "the trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property." In this particular case, Prosperity Bank and OneWest Bank's liens will be fully satisfied from the proceeds of the sale. Therefore, the sale of the Assets may be consummated free and clear of all liens, claims, encumbrances or interests.

18. The sale of the Assets in an expeditious fashion is essential. A delay in this process will only diminish recovery for the Debtor's respective creditors. The sale of the Assets is in the best interests of the estates, and all parties-in-interest, and represents the reasonable exercise of Rossco Holdings' business judgment. Therefore, the fourteen-day stay under

Bankruptcy Rule 6004(h) should be waived.

## VI. NOTICE

19. No trustee, examiner, or creditors' committee has been appointed in this case. In accordance with Bankruptcy Rules 2002(a)(2), (c)(1), (k) and 6004(a), and LBR 6004(b), a copy of the Sale Motion and the Notice of Hearing on the Sale Motion will be served via electronic mail or first class mail to the United States Trustee and all creditors. The Debtor submits that the information contained in the Sale Motion satisfies the notice requirements provided in Bankruptcy Rule 2002(c)(1) and LBR 6004(b) and that no other or further notice need be given.

## VII. PRAYER

Rossco Holdings requests that the Court: (i) enter an interim order substantially in the form of the proposed order attached hereto as **Exhibit B** approving the Bid Procedures; (ii) enter an order approving the sale of the Assets to PMH or designated successful bidder or back up bidder free and clear of all liens, claims, and encumbrances pursuant to the terms of the proposed Purchase and Sale Agreement; (iii) waive the fourteen-day stay so that the sale may be closed immediately after approval by this Court; and (iv) grant any further relief to which the Debtor may be justly entitled. Rossco Holdings further requests that the Court find that the buyer is a good faith buyer of the Assets and therefore entitled to all of the protections of § 363(m) of the Bankruptcy Code.

Dated: October 8, 2010　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ *C. Josh Osborne*
　　　　　　　　　　　　　　　　　　　　　Michael A. McConnell
　　　　　　　　　　　　　　　　　　　　　Texas Bar I.D. 13447300
　　　　　　　　　　　　　　　　　　　　　michael.mcconnell@kellyhart.com
　　　　　　　　　　　　　　　　　　　　　C. Josh Osborne

Texas Bar I.D. 24065856
josh.osborne@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:   817/332-2500
Telecopy:    817/878-9280

COUNSEL FOR ROSSCO HOLDINGS, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served on this 8th day of October, 2010 on all parties on the attached list by email, if known, or first class United States mail.

/s/ C. Josh Osborne
C. Josh Osborne

MOTION FOR ORDER APPROVING AND AUTHORIZING: (A) THE CLOSING OF THE SALE OF
ASSETS TO PMH ACQUISITION, LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES
AND INTERESTS; (B) BIDDING PROCEDURES FOR THE SALE OF THE ASSETS IF THE DEBTOR RECEIVES
HIGHER AND BETTER OFFER PRIOR TO APPROVAL OF THE SALE; AND (C) A BREAKUP FEE         PAGE 10 OF 10

# ROSSCO HOLDINGS
## OFFICIAL SERVICE LIST
Dated as of October 8, 2010

| **DEBTORS AND DEBTORS' PROFESSIONALS** |

| **DEBTORS AND DEBTORS' PROFESSIONALS** | | |
|---|---|---|
| **Debtors**<br>Rossco Holdings, Inc.<br>1011 ½ Beverly Drive<br>Beverly Hills, CA 90210-2328 | **Debtors' Counsel**<br>Michael A. McConnell<br>michael.mcconnell@kellyhart.com<br>Clay M. Taylor<br>clay.taylor@kellyhart.com<br>Nancy Ribaudo<br>nancy.ribaudo@kellyhart.com<br>KELLY HART & HALLMAN LLP<br>201 Main Street, Suite 2500<br>Fort Worth, TX 76102<br>Telephone: (817) 332-2500<br>Facsimile: (817) 878-9280 | |
| **CREDITORS ASSERTING A SECURED CLAIM** | | |
| **Counsel for OneWest Bank**<br>Monica Blacker<br>Andrews Kurth LLP<br>1717 Main Street<br>Suite 3700<br>Dallas, TX 75201<br>Telephone: (214) 659-4400<br>Facsimile: (214) 659-4401 | **Counsel for Prosperity Bank**<br>Eric J. Taube<br>Hohmann, Taube & Summers, L.L.P.<br>100 Congress Ave., 18th Floor<br>Austin, Texas 78701<br>512/472-5997 (direct)<br>512/472-5248 (fax) | |
| **INTERESTED PARTIES** | | |
| Leonard M Ross Revocable Trust<br>1011 1/2 N. Beverly Dr.<br>Beverly Hills, CA 90210-2328 | Pacific Mercantile Bank<br>c/o Patricia B. Tomasco, Esq.<br>Munsch Hardt Kopf & Harr, P.C.<br>401 Congress Avenue, Suite 3050<br>Austin, Texas 78701<br>512/391-6100 (direct)<br>512/391-6149 (fax) | Leonard M. Ross<br>L. M. Ross Professional Law Corporation<br>1011 1/2 North Beverly Drive<br>Beverly Hills, CA 90210 |
| **GOVERNMENTAL ENTITIES** | | |
| Office of the United States Trustee –WA12<br>903 San Jacinto Blvd. Suite 230<br>Austin, Texas 78701-2450 | IRS<br>Stop #5022AUS<br>300 E. 8th Street<br>Austin, Texas 78701 | Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 |

| US Attorney / IRS<br>601 N.W. Loop 410, Suite 600<br>San Antonio, TX 78216-5597 | | |
|---|---|---|
| **UNSECURED CREDITORS** | | |
| Chimney Hill Properties, Ltd.<br>1013 N Beverly Dr.<br>Beverly Hills, CA 90210 | Bank of America<br>201 E Washington St<br>Phoenix, AZ 85004 | CHSC, Ltd.<br>PO Box 10539<br>Beverly Hills, CA 90213 |
| Bank of America<br>PO Box 15710<br>Wilmington, DE 19886 | Advanta Bank Corp<br>P.O. Box 8088<br>Philadelphia, PA 19101-8088 | MCI<br>PO Box 371838<br>Pittsburgh, PA 15250-7838 |
| Montecito Water Dist<br>583 San Yisdro Rd<br>Santa Barbara, CA 93108-2124 | Ford Credit<br>P.O. Box 7172<br>Pasadena, CA 91109-7172 | Verizon Wireless<br>P.O. Box 660108<br>Dallas, TX 75266-0108 |
| National Guardian Life Ins Co<br>Two E. Gilman St<br>Madison, WI 53703 | Staples<br>P.O. Box 689020<br>Des Moines, IA 50368 | M3 Accounting Services<br>800B Jesse Jewell Pkwy SW<br>Gainesville, GA 30501 |
| HSBC Business Solutions<br>P.O. Box 5219<br>Carol Stream, IL 60197-5219 | B & E Engineers<br>24 W St Joseph St<br>Arcadia, CA 91007-2854 | Andy Grump<br>20954 Ruether Avenue<br>Santa Clara, CA 91351 |
| CCH Inc<br>Pro System Fx<br>20101 Hamilton Ave Ste 200<br>Torrance, CA 90502 | Wells Fargo Financial Leasing<br>P.O. Box 6434<br>Carol Stream, IL 60197-6434 | All Guard Inc<br>P.O. Box 320087<br>Fairfield, CT 06432 |
| Las Virgenes Municipal Water District<br>4232 Las Virgenes Rd<br>Calabasas, CA 91302-1994 | The Hartford<br>P.O. Box 2907Hartford, CT 06104-2907 | Chase Home Finance<br>P.O. Box 78420<br>Phoenix, AZ 85004 |
| California Choice<br>P.O. Box 7088<br>Orange, CA 92863-7088 | | |

| NOTICE OF APPEARANCES | | |
|---|---|---|
| County of Brazos<br>c/o Lee Gordon<br>McCreary, Veselka, Bragg & Allen, P.C.<br>P. O. Box 1269<br>Round Rock, Texas 78680 | William A. Frazell<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>P. O. Box 12548<br>Austin, Texas 78711-2548 | Bank of America<br>c/o Bruce Kosub, Esq.<br>Katten Muchin Roseman LLP<br>5215 N. O'Connor Boulevard #20<br>Irving TX 75039-3713 |