

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 05, 2010.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ROSSCO HOLDINGS, INC. | § | CASE NO. 10-60953-rbk |
| | § | |
| Debtor. | § | Chapter 11 |

**INTERIM ORDER GRANTING ROSSCO HOLDINGS, INC.'S MOTION FOR ORDER APPROVING AND AUTHORIZING: (A) THE CLOSING OF THE SALE OF ASSETS TO PMH ACQUISITION, LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) BIDDING PROCEDURES FOR THE SALE OF THE ASSETS IF THE DEBTOR RECEIVES HIGHER AND BETTER OFFER PRIOR TO APPROVAL OF THE SALE; AND (C) A BREAKUP FEE**

The Court, having conducted an interim hearing on the Motion for Order Approving and Authorizing: (A) the Closing of the Sale of Assets to PMH Acquisition, LLC Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Bidding Procedures for the Sale of the Assets if the Debtor Receives Higher and Better Offer Prior to Approval of the Sale; and (C) a Breakup Fee (the "Sale Motion") for the purpose of considering the Bid Procedures[1] and the

---
[1] Terms not defined herein shall have the meaning ascribed to them in the Sale Motion.

proposed Breakup Fee, having reviewed the Motion, and the record in these cases, having considered the statements of counsel for the Debtor and the PMH the Court finds that establishing bid procedures and sale procedures in connection with proposed sale, in accordance with the provisions contained in this Order, is in the best interests of the Debtor's estate. Accordingly,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any conclusions of law herein constitute findings of fact, they are adopted as such.

B.  The Court has jurisdiction over the Motion and the transaction contemplated by the Purchase and Sale Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.  The statutory bases for the relief requested in the Motion are (i) sections 105, 363, 364 and 365 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and (ii) Bankruptcy Rules 2002(a)(2), 6004, 6006 and 9014.

D.  Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the hearing to be conducted to approve the transactions contemplated by the Purchase and Sale Agreement (the "Sale Hearing"). A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

E. The Debtor has articulated good and sufficient reasons for the Court to: (i) approve the Bid Procedures; (ii) set the Sale Hearing; and (iii) grant the Breakup Fee as provided in the Purchase and Sale Agreement and in this Order.

F. The entry of this Order is in the best interests of the Debtor, its estate, its creditors and other parties in interest.

G. The Bid Procedures are reasonably designed to maximize the value to be achieved for the Assets.

H. The Breakup Fee in the amount of $292,500.00 shall be paid in accordance with the Purchase and Sale Agreement, and (i) if triggered, shall be deemed an actual and necessary cost and expense of preserving the Debtor's estate, within the meaning of sections 364(c)(1) and 503(b)(1) of the Bankruptcy Code, payable solely as provided in Section 19 of the Purchase and Sale Agreement, (ii) is of substantial benefit to the Debtor's estate, (iii) is reasonable and appropriate, including in light of the size and nature of the sale and the efforts that have been or will be expended by PMH notwithstanding that the proposed sale is subject to higher and better offers for the Assets, (iv) was negotiated by the parties at arm's length and in good faith, and (v) is necessary to ensure that PMH will continue to pursue its proposed acquisition of the Assets contemplated by the Purchase and Sale Agreement.

IT IS THEREFORE

**ORDERED** that the Motion is GRANTED to the extent set forth herein.

**ORDERED**, that except as provided to the contrary herein, all objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

**ORDERED** that the Bid Procedures are approved as follows:

- Within 45 days after entry of this Order, the Debtor may solicit and receive bids to purchase the property (the "Bid Deadline");

- In order for a bid to be considered, it must exceed the Purchase Price by the amount of the Breakup Fee plus $50,000. In addition, such bid shall: i) be in writing; ii) not contain any financing or due diligence contingencies beyond those contained in the Purchase and Sale Agreement; iii) be accompanied by a marked copy of the Purchase and Sale Agreement, which shall be the agreement pursuant to which such prospective purchaser proposes to acquire the assets sought to be acquired (proposals may not be for less than substantially all assets); iv) be accompanied by evidence of committed financing or other ability to perform; v) be accompanied by a good-faith deposit of $50,000, payable to the Seller; vi) be accompanied by a letter stating that the bidder's offer is irrevocable until the earlier of: (i) two business days after the closing date of an alternative sale or sales approved by the Court; and (ii) forty-five days after the conclusion of a final hearing on the Sale Motion;

- If a Qualifying Bid is received prior to the Bid Deadline, an auction (the "Auction") will be held as further set forth herein;

- At the Auction, the initial bid shall be the highest Qualifying Bid received prior to the Bid Deadline (the "Initial Bid"). All subsequent bids, shall exceed the Initial Bid by at least $100,000 and parties shall be given a reasonable, but not excessive, amount of time to submit its overbids;

- At the conclusion of the Auction, the Debtor will select the highest and best offer which it will designate the successful bidder and will designate the second highest and best offer as the backup bidder. The Debtor will continue to designate backup bidders until PMH is the last backup bidder (unless PMH is the successful bidder). The Debtor shall file its designation of the successful bidder and designated backup bidders (the "Designation") within two business days of the conclusion of the Auction;

- Any party-in-interest shall have three business days to object to the Designation and request an emergency hearing on the matter or the Designation shall be deemed conclusive and final;

- If the Debtor closes a sale with a higher bidder, then the Debtor shall pay PMH the Breakup Fee within two days after the sale closes;

- In the event the closing with the successful bidder does not occur, the Debtor may proceed to close with the backup bidder and any subsequent backup bidder thereafter; and it is further

**ORDERED** that the Auction shall take place on _____, 2010 at \_\_:00 \_.m. (Central Time) at the offices of _____, or such other place and time as the Debtor shall notify all Qualified Bidders,[2] including PMH, counsel for PMH and other invitees. The Auction shall be conducted in accordance with the Bid Procedures.

**ORDERED** that the Sale Hearing shall be held before the Court on _____, 2010 at \_\_:00 \_.m. (Central Time), or at such earlier date as counsel and interested parties may be heard.

**ORDERED** that objections, if any, to the sale of the Assets and the transaction contemplated by the Purchase and Sale Agreement, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the local rules of the Court; (c) be filed with the clerk of the Bankruptcy Court for the Western District of Texas, (or filed electronically via the Court's electronic filing system), on or before \_\_:00 \_.m. (Central Time) on _____, 2010 (the "<u>Sale Objection Deadline</u>"); and (d) be served upon: (i) counsel to the Debtor, Kelly, Hart & Hallman, LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102, Attn: C. Josh Osbourne; (ii) counsel to PMH, Smith, Gambrell & Russell, LLP, Suite 3100, Promenade II, 1230 Peachtree Street, N.E., Atlanta, Georgia 30309, Attn: Malcolm D. Young & Brian P. Hall; and (iii) the Office of the United States Trustee, so as to be received no later than \_\_:00 \_.m. (Central Time) on the Sale Objection Deadline.

**ORDERED** that Section 19 of the Purchase and Sale Agreement is hereby approved and binding upon the Debtor and its estate. In connection therewith, the Debtor's obligation to pay the Breakup Fee, as provided by the Purchase and Sale Agreement, shall survive termination of the Purchase and Sale Agreement and, until paid in accordance with the Purchase and Sale

---

[2] "<u>Qualified Bidder</u>" shall mean a bidder submitting a bid meeting the requirements set forth in the Bid Procedures (such bid, a "<u>Qualified Bid</u>").

Agreement, shall constitute a superpriority administrative expense claim in favor of PMH having superpriority under section 364(c) of the Bankruptcy Code over any and all administrative expenses of the kind specified in sections 503(b) and 507(c) of the Bankruptcy Code, and which shall be senior to any and all claims of any creditors of or holders of equity interests in the Debtor, and which shall be payable solely as provided in Section 19 of the Purchase and Sale Agreement. To the extent that PMH is not the Successful Bidder, in addition to the Debtor, the Successful Bidder is authorized and directed to pay the Breakup Fee as provided in Section 19 of the Purchase and Sale Agreement directly to PMH by wire transfer of immediately available good funds to an account specified by PMH. To the extent for any reason the Successful Bidder fails to pay the Breakup Fee directly to PMH, the Debtor shall pay the Breakup Fee to PMH in accordance with the terms of the Purchase and Sale Agreement without further order of this Court.

**ORDERED** that except for PMH, no other party submitting an offer or Bid for the Assets or a Qualifying Bid shall be entitled to any Breakup Fee, topping, termination or similar fee or payment.

**ORDERED** that PMH shall have standing to contest the Debtor's selection of the highest and best bid.

**ORDERED** that notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**ORDERED** that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

**ORDERED** that the Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

:

### END OF ORDER ###

# CERTIFICATE OF NOTICE

```
District/off: 0542-6          User: hardageb           Page 1 of 1              Date Rcvd: Nov 05, 2010
Case: 10-60953                Form ID: pdfintp         Total Noticed: 11
```

The following entities were noticed by first class mail on Nov 07, 2010.
```
db            Rossco Holdings, Inc.,   1011 1/2 North Beverly Dr.,   Beverly Hills, CA  90210-2328
aty          +Joshua D. Wayser,   Katten, Muchin, Rosenman, LLP,   2029 Century Pk East, Ste. 2600,
               Los Angeles, CA 90067-3012
aty          +Kelly Hart,   Kelly Hart & Hallman LLP,   201 Main St, Ste 2500,   Ft Worth, TX 76102-3194
aty          +Leonard M. Ross,   L.M. Ross Professional Law Corporation,   1011 1/2 North Beverly Drive,
               Beverly Hills, CA 90210-2328
aty           Ronald E Pearson,   Pearson & pearson,   2109 Birdcreek Terrace,   Temple, TX  76502-1083
aty           Ronald E. Pearson,   2109 Bird Creek Terrace,   Temple, TX  76502-1083
cr           +County of Brazos,   c/o Lee Gordon,   P.O. Box 1269,   Round Rock, TX 78680-1269
intp         +Leonard Ross,   LM Ross Professional Law Corporation,   1011 1/2 North Beverly Drive,
               Beverly Hills, CA 90210-2328
intp         +National Guardian Life Insurance Company,   Two East Gilman St,   Madison, WI 53703-1494
cr           +OneWest Bank FSB,   c/o Monica S. Blacker,   Andrews Kurth LLP,   1717 Main St.,   Suite 3700,
               Dallas, TX 75201-7301
cr           +Prosperity Bank,   c/o Eric J. Taube,   Hohmann, Taube & Summers, L.L.P.,
               100 Congress Ave., Suite 1800,   Austin, TX 78701-4042
```

The following entities were noticed by electronic transmission.
NONE.                                                                                            TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Nov 07, 2010**                          **Signature:** _/s/ Joseph Speetjens_